

FILED
10/15/2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PRINCE JONES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DISTRICT OF COLUMBIA, *et al.*, ) <br> ) <br> ) <br> Defendants. ) | Civil Action No. 1:20-cv-02821 (UNA) |

### **MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the plaintiff's application for leave to proceed IFP and dismiss the case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(l).

It appears that the plaintiff is serving a sentence imposed by the Superior Court of the District of Columbia for violations of the D.C. Code. *See* Compl., Dkt. 1, at 18. The plaintiff purports to bring this civil rights action under 42 U.S.C. § 1983 against the District of Columbia, the Mayor of the District of Columbia, members of the Council of the District of Columbia, and several federal employees affiliated with the United States Penitentiary located in Hazelton, West Virginia ("USP Hazelton"). *See* Compl. at 2.

The complaint is comprised of several claims. First, the plaintiff generally alleges that the District of Columbia defendants have collectively violated his constitutional rights by enacting the criminal statutes pursuant to which he has been convicted and incarcerated. *See id.* at 8–10, 20–

44. As a result, the plaintiff alleges that he has had to endure severe restrictions inherent in his incarceration at federal penitentiaries. *See id.* at 2–3, 7–8, 17.

Second, the plaintiff, who was apparently at one point designated to USP Hazleton, alleges that the named prison employees committed several constitutional violations arising out of his treatment and other dangerous conditions at that facility. *See id*. at 3–6, 46–63. He alleges that his claims are interconnected by a coordinated conspiracy against him, orchestrated by both the local and federal government. *See id.* at 2–3. He seeks both a declaratory judgment and compensatory damages. *Id.* at 77.

Insofar as the plaintiff is mounting a challenge to his Superior Court conviction or sentence, this court is without jurisdiction to adjudicate the claim. "Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion must be filed in the Superior Court, *see* D.C. Code § 23-110(a), and "shall not be entertained . . . by any Federal . . . court if it appears that the [prisoner] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention," *id.* § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to [§] 23-110(a).").

With respect to the plaintiff's demand for damages, the Supreme Court instructs:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

> would render a conviction or sentence invalid . . . plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

*Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994). The plaintiff does not demonstrate that his conviction or sentence has been reversed or otherwise invalidated, and, therefore, his claim for damages fails. *See, e.g.*, *Johnson v. Williams*, 699 F. Supp. 2d 159, 171 (D.D.C. 2010), *aff'd sub nom. Johnson v. Fenty*, No. 10-5105, 2010 WL 4340344 (D.C. Cir. Oct. 1, 2010).

Additionally, the plaintiff sues several individual defendants who are domiciled outside of the District of Columbia. Thus, the ability of this court to exercise personal jurisdiction over these defendants is unclear. *See* Fed. R. Civ. P. 12(b)(2); *Int'l Shoe Co. v Washington*, 326 U.S. 310, 316 (1945) (holding that due process of law requires that, in order to subject a defendant to a judgment *in personam*, the defendant must either (1) be present within territory of forum, or (2) have certain minimum contacts with it such that maintenance of the suit does not offend traditional notions of fair play and substantial justice) (citations and internal quotation marks omitted).

The plaintiff has also failed to show that this venue is the appropriate forum for the claims relating to the conditions at USP Hazleton. Venue in a civil action is proper only in (1) the district where any defendant resides, if all defendants reside in the same state in which the district is located, (2) in a district in which a substantial part of the events or omissions giving rise to the claim occurred (or a substantial part of the property that is the subject of the action is situated), or (3) in a district in which any defendant may be found, if there is no district in which the action may otherwise be brought. *See* 28 U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a). Courts in this jurisdiction must examine personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia. *See Cameron v. Thornburgh*,

983 F.2d 253, 256 (D.C. Cir. 1993).  Here, the events relevant to the plaintiff's claims allegedly transpired in West Virginia, rendering dismissal of those claims appropriate under 28 U.S.C. § 1406(a).

      For all of these reasons, the case will be dismissed.  A separate order accompanies this memorandum opinion.

*[signature]*

_____
DABNEY L. FRIEDRICH
United States District Judge

Date: October 15, 2020